IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**WILLIAM WESTERVELT,**
    *Plaintiff,*
vs.

Case No.: _____
Honorable Judge: _____

**TRUNG VAN LE,** Individual Capacity
**GREIG,** Individual Capacity
**LOWE,** Individual Capacity
**JOHNSON,** Individual Capacity
    *Defendants.*
_____/

cat/div 1983/550/MIA
Case # _____
Judge _____ Mag PAW
Motn Ifp Yes  Fee pd $ NO
Receipt # _____

FILED by PG D.C.
DEC 21 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – FT. LAUD.

## CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. §1983
## WITH JURY DEMAND

    This is a civil rights action filed by William Westervelt, a state prisoner, for damages under 42 U.S.C. §1983, alleging a denial of medical care in violation of the Eighth Amendment of the United States Constitution.

## STATEMENT OF JURISDICTION

1) The Court has jurisdiction over the plaintiffs claims of federal constitutional violations under 42 U.S.C. §1331 (1) and 1343.

2) The plaintiff was at all times a prisoner in the Florida Department of Corrections (F.D.O.C.) during the events as stated in this complaint.

## DEFENDANTS

3) Defendant Trung Van Le is a physician and employee of Wexford Medical Services and is responsible for ensuring provisions of medical care to prisoners at Desoto Correctional Institution. He is sued in his individual capacities.

4) Defendant Lowe is a registered nurse and employee of Wexford Medical Services and is responsible for ensuring provisions of medical care to prisoners at Desoto Correctional Institution. She is sued in her individual capacities.

1

5) Defendant Johnson is a physician and employee of Wexford Medical Services and is responsible for ensuring provisions of medical care to prisoners at Martin Correctional Institution. He is sued in his individual capacities.

6) Defendant Greig is a nurse and employee of Wexford Medical Services and is responsible for ensuring provisions of medical care to prisoners at Desoto Correctional Institution. She is sued in her individual capacity.

7) All defendants have acted, continued to act, or to be protected, under color of state law at all times relevant to this complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8) The plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

## STATEMENT OF FACTS

9) On 1/3/14, plaintiff while at Desoto Correctional Institution (D.C.I.), was attacked and suffered serious physical injury requiring him to be life flighted for emergency surgery, it is pertinent to note that F.D.O.C. staff had been implicated.

10) The following morning on 1/4/14, over the surgeons objections the defendant was returned to D.C.I. and placed in a medical unit isolation cell. Later it would be discovered his left hand was broken, yet nothing was done.

11) During this period the anesthesia and pain medication administered at the hospital slowly wore off and the plaintiff began to experience extreme pain in his left hand, which was swollen to the size of a grapefruit.

12) Despite the plaintiffs numerous pleas for medical attention he was denied treatment by Wexford Medical Staff. All of which stated the doctor will see you when he comes back on Monday. The Plaintiffs request for a brace or a Ace bandage were also denied.

13) Despite the plaintiff's numerous pleas for medical attention he was denied care by the defendants as plead herein.

14) On Monday, 1/6/14, the Plaintiff was seen be defendant Trung Van Le, who examined his injuries. Upon examining the left hand he stated, "yes it's definitely broken, you need an x-ray".

15) The plaintiff believed that because of the obvious trauma, and the acknowledgement of defendant Trung Van Le he would be taken immediately to Desoto General Hospital, this was not to be. Defendant Trung Van Le stated "I'm not sending you out for an x-ray and cast. A broken hand can wait." As a direct result of this cruel punishment I was not given an x-ray until a week later and then it would take an additional three days for the radiology report to come back, as plead herein.

16) The plaintiff has since obtained a copy of his medical file, which revealed that defendant Trung Van Le's only actions after the examination and acknowledgement of plaintiff's broken hand was to order an x-ray to be taken, and discharge him from medical to be placed in solitary confinement.

17) Rather than send the plaintiff to Desoto General Hospital, where he would have received an immediate x-ray and medical attention, defendant Trung Van Le would use a mobile x-ray firm, Tech-Care X-Ray, who was under contract and came to D.C.I. several times a month. Because of this, it would be another week before the x-ray was taken and results became known.

18) Defendant Trung Van Le's decision not to order immediate care for plaintiff's broken and shattered hand was deliberate, contrary to acceptable physician protocol and was fostered by ill will, spite, and hate.

19) On 1/13/14, defendant Trung Van Le, received the Radiology report which stated:
> **Findings:** Multiple views of the left hand demonstrate comminuted fractures of the necks of the fourth and fifth metacarpals. There is palmar and lateral angulation of the main distal fracture fragment...

Simply put, the plaintiff's left hand was broken and shattered.

20) Unbelievably, defendant Trung Van Le's only response was to write a pass for "no use of left hand, may wear hand brace, and low bunk".

3

21) The following day, 1/14/14, defendant Greig, came to plaintiff's cell with a package claiming it was a hand brace. Upon opening defendant Greig realized she had mistakenly brought a nylon leg circulation support stocking. At which point she began laughing and stated, "I guess someone though you needed a hose. I'll be back."

22) Defendant Grieg never returned as she knew and the medical record attests that defendant Trung Van Le had not filled out an order for a hand brace. To conceal the abuse as well as to cover the defendants torment of plaintiff, defendant Greig falsely noted in the plaintiffs medical file that "hand brace returned to medical as it was to loose. New hand brace ordered." The plaintiff would never receive a hand brace or medical care while at D.C.I.

23) The medical file also shows that later on 1/14/14, defendant Trung Van Le, held a "collegial consult" in which the plaintiffs hand injury was discussed and it was determined that the damage was so severe that he be sent to a "hand surgeon".

24) Immediately after the approval on 1/14/14 a medical hold was placed on the plaintiff and entered into the F.D.O.C. computer system by D.C.I. entry operator L. Stordahl at 1:45 p.m. At this point the plaintiff should have not been able to be transferred until seeing a surgeon/specialist. The damage at this time was a direct and proximate result of defendant Trung Van Le's decision not to administer or order immediate care.

25) Yet ironically as these medical decisions where being made the plaintiff sat in a solitary confinement cell being denied any and all medical treatment or care.

26) Over the next several weeks the plaintiff would be unlawfully cruelly punished by the decision not to treat his severely broken and shattered hand. In which the plaintiff sat in solitary confinement denied any and all treatment. During this period the plaintiff would wrap his broken hand in torn bed sheet strips and soaked the broken hand in the toilet in an attempt to relieve the pain and reduce the massive swelling.

27) Approximately one week later on 1/22/14, despite the medical hold the plaintiff was transferred to South Florida Reception Center (S.F.R.C.). Where

upon arrival he was told he was going to confinement and placed in a holding cell.

28) Shortly after, the plaintiff was seen by an unknown Wexford Medical nurse who asked the standard medical questions for arriving inmates. The plaintiff then explained and showed the nurse his injuries. Upon seeing his hand which was still extremely swollen stated "I don't understand this. There is nothing on your transfer sheet. I need to speak to the doctor".

29) The nurse did not return and the plaintiff was sent to confinement. Because the nurse did not note, or rectify the plaintiffs now known medical condition and limitations he would now endure further pain and suffering. Due to, but not limited to being assigned an upper bunk.

30) The plaintiff has since obtained the "transfer sheet" (Transfer/Arrival Summary) that the nurse spoke of, which was completed by defendant Lowe at D.C.I. and it is in fact devoid of information pertaining to the injuries, and condition of the plaintiff.

31) But even more outrageous is that defendant Lowe, while ignoring the medical hold, actually provided incorrect answers to <u>all</u> the pertinent medical questions, as if attempting to conceal the plaintiff's injuries. Despite this information being directly in front of her at the time of completion.

32) Defendant Lowe circumvented the no transfer medical hold by providing false information on the plaintiffs transfer sheet. Thus concealing defendant Trung Van Le's tortuous abuse of plaintiff. (Not requiring immediate x-rays and having hand set and casted etc..., and defendant Grieg's conduct in not providing the hand brace and false medical record regarding incorrect size, knowing the brace was never ordered by defendant Trung Van Le). This conduct was in furtherance of plaintiffs abuse.

33) The following week on 1/29/14, the plaintiff was again transferred to Martin C.I. Upon arrival the plaintiff immediately made staff aware of his medical issues. Once again he was told there was nothing on the Transfer/Arrival Summary. The Plaintiff was again taken to solitary confinement.

34) Review of the second Transfer/Arrival Summary completed by Wexford Medical, C. Howard, at S.F.R.C. reveals that despite being made aware of the incorrect information on the first Transfer/Arrival Summary, C. Howard not

only failed to correct it but literally copied the incorrect information from the first Transfer/Arrival Summary. Again the medical hold was ignored.

35) On January 30, 2017, Plaintiff while at Martin C.I., was seen by Defendant Johnson. Instead of utilizing the previous x-rays, which at this point were only three weeks old, defendant Johnson ordered a second x-ray. Defendant Johnson also rewrote the identical passes issued by defendant Trung Van Le but due to the condition of the hand added that the plaintiff could no longer be handcuffed behind his back.

36) Ironically, although several passes had been written for the hand brace, the plaintiff would never receive the actual brace. In fact, while under the supervision of defendant Johnson at Martin C.I. the plaintiff would again be denied medical treatment, never receive the second x-ray and the approval/medical hold to be seen by the hand surgeon seemed to vanish. The plaintiff would continue to endure extreme pain and suffering during this period.

37) The plaintiff had now been seen by two different Wexford Medical doctors and numerous Wexford Medical staff, at the three separate institutions, all of which acknowledged his broken and shattered hand. Yet the plaintiff received no actual medical care or treatment.

38) Approximately two weeks later on 2/11/14, the plaintiff was transferred to Madison C.I. and was again placed in confinement.

39) On February 25, 2014, the plaintiff was seen by Corizon Medical Dr. Melendez, who was shocked at the condition of his left hand. It had now been fifty-three (53) days and the hand was still swollen and painful. Dr. Melendez stated, "Something should have been done sooner. You will need major reconstructive surgery now." At which point Dr. Melendez issued the plaintiff a hand brace. This would be the first time he received medical care for his hand.

40) On 3/10/14, the plaintiff would again be transferred this time to Wakulla C.I. Upon arrival he would be seen by Corizon Medical Nurse J. Weidemann, who immediately noted after viewing the plaintiffs hand "needs to see <u>surgeon about hand.</u>"

41) Later, the plaintiff would be seen by Corizon Dr. Kozman, who after examining his left hand, and reviewing his medical file, wrote the following: "improper healing of the 4th and 5th metacarpal fractures, and deformity of the left hand."

42) The damaged condition of the plaintiffs hand at this stage is a direct and proximate result of the intentioned actions of the defendant as plead *supra*.

## CLAIMS FOR RELIEF

43) Defendant Trung Van Le's decision to deny the plaintiff medical care for his broken and shattered hand was deliberate, contrary to acceptable physician protocol and fostered by ill will, spite, and hate. Which was brought about by the urge to save money without regard of the pain and suffering of plaintiff. This tortuous conduct as plead *supra*, brought about further physical and mental pain and needless suffering. Leading to permanent disfigurement and loss of full use of his left hand. This constitutes deliberate indifference to plaintiff's serious medical need in violation of the Eighth Amendment of the United States Constitution.

44) Defendant Greig knowingly and intentionally allowed the plaintiff to endure extreme pain and suffering while in fact mocking him and his broken and shattered hand. Defendant Greig would later conceal this abuse as well as cover her own torment of the plaintiff though false notations in the medical file which was fostered by ill will, spite, and hate. This was brought about by the urge to save money without regard of the pain and suffering of plaintiff. This tortuous conduct as plead *supra*, brought about further physical and mental pain and needless suffering. Leading to permanent disfigurement and loss of full use of his left hand. This constitutes deliberate indifference to plaintiff's serious medical need in violation of the Eighth Amendment of the United States Constitution.

45) Defendant Lowe knowingly and intentionally circumvented the no transfer medical hold by providing false information on plaintiff's Transfer/Arrival Summary and thus concealing the tortuous conduct of defendants Trung Van Le and Greig. Defendant Lowes actions would result in the plaintiff being transferred without any actual care and subject him to further pain and suffering. Which was brought about by ill will, spite, and hate, and the urge to save money without regard of the pain and suffering of plaintiff. This tortuous conduct as plead *supra*, brought about further physical and mental pain and

needless suffering. Leading to permanent disfigurement and loss of full use of his left hand. This constitutes deliberate indifference to plaintiff's serious medical need in violation of the Eighth Amendment of the United States Constitution.

**46)** Defendant Johnson's decision to deny the plaintiff medical care for his broken hand and shattered hand was deliberate, contrary to acceptable physician protocol and fostered by ill will, spite, and suffering of plaintiff. This tortuous conduct as plead *supra*, brought about further physical and mental pain and needless suffering. Leading to permanent disfigurement and loss of full use of his left hand. This constitutes deliberate indifference to plaintiff's serious medical need in violation of the Eighth Amendment of the United States Constitution.

## RELIEF REQUESTED

Wherefore, plaintiff requests that the court grant the following relief:

**A.** <u>Award compensatory damages in the following amounts</u>:
   1. $100,000 jointly and severally against all defendants named for the physical and mental injuries sustained as a result of their actions.

**B.** <u>Award punitive damages in the following amounts</u>:
   1. $100,000 against all named defendants.

**C.** Grant such offer relief as it may appear that plaintiff in entitled

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signed this _19_ day of _December_, 2017.

Respectfully Submitted,

PROVIDED TO
SOUTH BAY CORRECTIONAL FACILITY
ON _12/19/17_ FOR MAILING

<u>William Westervelt # 138254</u>
South Bay Correctional Facility
P.O. Box 7171
South Bay, FL 33493

8

# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

**WILLIAM WESTERVELT,**
    *Plaintiff,*
vs.

**TRUNG VAN LE,** Individual Capacity
**GREIG,** Individual Capacity
**LOWE,** Individual Capacity
**JOHNSON,** Individual Capacity
    *Defendants.*
_____/

Case No.: _____
Honorable Judge: _____

## SUMMONS

TO THE ABOVE–NAMED DEFENDANT(S):   **Johnson**

You are hereby summoned and required to serve upon Plaintiff William Westervelt, whose address is South Bay Correctional Facility, P.O. Box 7171, South Bay, FL 33493 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

 

_____
Clerk of the Court

Date:_____