FILED
JUN 11 2020
2020 JUN 15 AM 11:32

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

WILLIAM WESTERVELT
    Plaintiff,

v.

TRUNG VAN LE, GREIG,
LOWE, and JOHNSON
    Defendants,

Case No: 2:18-cv-522-FtM-38MRM

## NOTICE TO COURT REGARDING THEFT OF MEDICAL RECORDS

COMES NOW, Plaintiff William Westervelt, pro se, under Fed. R. Civ. P. and notifies this Court of the defendants theft of plaintiffs medical files. The following is a brief chronology of what has transpired:

1) The plaintiff filed this Civil Complaint on 12/21/2017, and approximately one year ago attorney for defendants Alexander Dombrowsky, requested the plaintiff sign releases for his medical records. Which the plaintiff did in accordance with discovery.

2) Attorney Dombrowsky would later aquire the file/medical records which according to him "consisted of 230 pages and covered a span from 2006 thru 2019."

3) On march 27, 2020, the plaintiff received a letter from attorney Dombrowsky, in which he stated "There are absolutely no records about the broken hand which gave rise to this lawsuit. In fact, there are no records from 2014 at all." (see attached)

4) To verify this on 4/21/2020, the plaintiff met with Moore Haven Correctional Medical Records Custodian, Ms Mazo. In which together they reviewed the complete medical file and determined that the medical file had been piftered and documents had been stolen.

(1)

5) In fact, the medical file, as previously stated, covers a span of 2006 thru 2019, some thirteen (13) years. Yet ironically the <u>only</u> documents missing are the documents outlined in the Complaint. Which consisted of approximately thirty to forty pages from 2014.

6) Furthermore, attorney Dombrowsky's statement that "There are no records from 2014, at all" is untrue. There is one document from 1/3/14, that is still present. Although it has nothing to do with my hand injury it is the form that was filled out after the attack and later life-flight and is spoken about on paragraph (9) of the Complaint Statement of Facts.

7) Again, the medical file covers a span of 2006 thru 2019. Throughout this period the defendants have been in possession or had access to the plaintiff's medical file.

8) Based on these verified facts a multitude of violations have taken placed, some in fact being criminal. The plaintiff has since petitioned the Office of Inspector General for the Florida Department of Corrections to conduct an investigation. Which is currently underway.

9) It is pertinent to note that the plaintiff physically reviewed these now stolen medical documents two seperate times. Once in 2014 with Wakulla C.I. medical records custodian Ms Nelson, and again in 2017 with South Bay C.I. medical records custodian Ms Steele.

10) In fact it would be the information obtained during those two reviews of the medical files that would be cited in the Complaint. As the Complaint shows in each of the numbered paragraphs in the statement of facts, the plaintiff individually refers to certain documents and their contents.

11) Because of this (paras 9 and 10 supra) it is logical to believe the documents were stolen after the filing of the Complaint.

(2)

12) Therefore, the question is not whether the defendants stole the documents, as that is indisputable. But was it carried out based on advice from the defendants legal counsel.

13) Even more outrageous is the fact that the defendants theft of these medical records were not only meant to impair the plaintiff, but to deceive and hinder this Honorable Court. That too indisputable.

14) The plaintiff would have notified the Court sooner. But believed that all motions would not be accepted until October 5, 2020, as the Court in its Scheduling Order directed the Clerk to "Administratively Close Case"

15) Furthermore, after the discovery of the theft attorney Dombrowski made contact with the plaintiff by telephone. The conversation consisted of the theft of documents and the problem of meeting and conferring in person due to the COVID-19 restrictions.

16) In closing, what the Court is now witnessing is pure unadulterated evil. I ask this Court to take a moment from its busy schedule and reread the Statement of Facts listed in the Complaint. It will then become clear why the defendants chose to destroy the documents.

17) For the medical files revealed the sick, sadistic, and tortuous acts the defendants knowingly and intentionally partook in. Acts that after enduring months of extreme pain and suffering culminated with the plaintiff losing full use of his left hand and permanent disfigurement.

### RELIEF REQUESTED

WHEREFORE, the plaintiff respectfully requests this Court to schedule a telephonic hearing in which all parties are present.

Date: June 11, 2020,

x _William Westervelt_
William Westervelt

(3)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I placed a true and correct copy of the Request For Court Order in the hands of an institutional official of Moore Haven Correctional Facility for mailing via U.S. Postal Mail, postage prepaid to:

*UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Office of the Clerk
Room 2-194 United States Courthouse
and Federal Building
2110 First Street
Fort Meyers, FL 33901

*Chimpoulis & Hunter Attorneys
150 South Pine Island Road
Suite 510
Plantation, FL 33324

on this 11th of June ~~March~~ 2020.

Respectfully Submitted,

_William [signature]_

DC # 138254
Moore Haven Correctional Facility
P.O. Box 719001
Moore Haven, Florida 33471.