UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:18-cv-522-JLB-MRM

WILLIAM WESTERVELT,

    Plaintiff,

v.

TRUNG VAN LE, HELEN GREIG,
JENNIFER LOWE, and RICHARD
JOHNSON,

    Defendants.
_____/

**WEXFORD DEFENDANTS' MOTION FOR ENLARGEMENT OF SCHEDULING ORDER [DE 96] DEADLINES BY 90 DAYS AND MOTION TO COMPEL PLAINTIFF EXECUTE UPDATED FDOC AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS**

COMES NOW, Defendants, TRUNG VAN LE; HELEN GREIG; JENNIFER LOWE, and RICHARD JOHNSON, (collectively the "Wexford Defendants") by and through the undersigned counsel, and files this Motion for Enlargement of Scheduling Order [DE 96] Deadlines by 90 Days and to Compel Plaintiff to Execute Updated FDOC Authorization for Release of Medical Records and state the following:

    1.    This is a deliberate indifference action arising out of the Wexford Defendants' alleged failure to provide the Plaintiff proper medical care and

treatment after sustaining injuries in a January 2014 prison yard attack---specifically for a Plaintiff's allegedly broken hand.

2. The Wexford Defendants have had great difficulty obtaining a full set of FDOC medical records. To date, they have only been able to obtain 229 pages from the FDOC records custodian, none of which include any records from 2014—the year of the alleged injury at the heart of this case.

3. We know the records existed, at one time, because Plaintiff' sister requested and received some of them in 2014. Plaintiff provided 25 pages of records for the first few months of 2014, many of which contain little useful information about Plaintiff's hand injury at issue in this case. See [DE 99].

4. Plaintiff's position is that the Wexford Defendants purposely removed incriminating records to avoid liability.

5. Now, the Wexford Defendants must unfortunately set a deposition *duces tecum* of the FDOC medical records custodian[1] to determine if the missing records exist and were not provided (despite repeated requests), were lost, destroyed, or stolen.

6. Plaintiff's originally executed FDOC Consent and Authorization for Use and Disclosure Inspection and Release of Confidential Information (Form DC4-711B) ("Authorization") has expired and he must execute a new one.

---

[1] The FDOC medical records custodian changes each time an inmate is moved to a new prison. Neither FDOC nor its contracted prison medical providers have electronic medical records. As such, a physical medical file follows an inmate from prison to prison, held in the custody of the medical provider at the inmate's new prison.

7.      Without the Authorization, the Wexford Defendants can't set the *duces tecum* FDOC medical records custodian deposition.

8.      On September 22, 2020, the Wexford Defendant's sent an updated "Authorization" to Plaintiff.

9.      On October 23, 2020, the undersigned counsel spoke with Plaintiff on the telephone to find out why he had not returned the Authorization.  Plaintiff abruptly explained his family hired private counsel, gave the name of that counsel, and promptly ended the conversation without conferring regarding the relief sought in this Motion.

10.     The undersigned counsel has tried to contact that named counsel without success.

11.     No one has entered a Notice of Appearance on Plaintiff's behalf.

12.     Our discovery period ends on November 13, 2020. See [DE 96]. This Order was entered following the parties previous Joint Motion to Extend Scheduling Order Deadlines by Sixty Days [DE 94] which reiterates that "[a]ll parties agree the new record are necessary to litigate this case."[2] Id.

WHEREFORE, the Wexford Defendants move this Court to extend the current Scheduling Order deadlines by 90 days and for an order compelling Plaintiff to execute an updated Authorization so that they can hopefully, finally

---

[2] The undersigned counsel still has not been able to obtain the mental health records sought in the aforementioned Motion [DE 94] and finds himself having to lay the groundwork for a potential Motion for Order to Show Cause against the records custodian.

obtain the medical records so crucial to the litigation of this case.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

On October 23, 2020, the undersigned counsel spoke with Plaintiff over the telephone. As stated in paragraph 9 above, the undersigned counsel was unable to obtain Plaintiff's position with regard to the relief sough in this Motion.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on **October 28, 2020** this was served by U.S. Mail **to pro se Plaintiff, William Westervelt, DC# 138254**, Moore Haven Correctional Facility, PO Box 719001, Moore Haven, FL 33471.

> CHIMPOULIS & HUNTER, P.A.
> Attorneys for Defs / Trung Van Le; Helen Greig; Jennifer Lowe & Richard Johnson
> 150 South Pine Island Road - Suite 510
> Plantation, FL  33324
> Phone: (954) 463-0033 / FAX: (954) 463-9562
>
> /s/ Alexander Dombrowsky
> BY: ALEXANDER DOMBROWSKY, ESQ.
> Florida Bar No.: 186260
> Email– adombrowsky@chimpoulishunter.com
> M. KATHERINE HUNTER, ESQUIRE
> Florida Bar No.: 981877
> Email – khunter@chimpoulishunter.com